# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
KIM JINIL
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 11-30486

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
    - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
    - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
    - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

CONTINUE ON PAGE 2

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| September 12, 2011 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Defendant is a South Korean national and citizen who is charged with illegal re-entry into the United States of America after having been previously deported three times after convictions of illegal entry/re-entry into this country. There is an INS detainer currently active on the Defendant.

By way of history, in 1995 Defendant was convicted of alien smuggling here, was sentenced to three months in jail, two months supervision, and was ultimately deported in February, 1996. He was warned not to attempt re-entry into the country without permission of the legal authorities.

In 1999 Defendant illegally re-entered the United States again. He was convicted of illegal re-entry in 2000 and in September 2000 was again deported with warnings not to re-enter illegally.

In September, 2011 Defendant attempted entry into the United States through Detroit's Metropolitan Airport under a Visa/Waiver program between South Korea and the United States. However, in applying for this program, Defendant allegedly made false statements, and failed to mention his previous (3) deportations, his prior criminal convictions, and his previously denied visa applications. Additionally, it is alleged that Defendant made false statements to the Inspector in that he 1) denied ever having been arrested anywhere in the world; denied that he had been arrested in Korea for forgery and uttering, and denied all of his previous deportations. Additionally Defendant failed to mention that he had been convicted of alien smuggling.

Defendant has previously used the alias "John Obu Jim, DOB 11/18/56". (Defendant's actual date of birth is 7/26/55).

The government argues that detention is mandatory under the Homeland Security policies which dictate that any person convicted of an aggravated felony will be detained. The government further argues that under the Immigration and Naturalization Act language (Sec. 8 USC 1231) and under Sec. 241 and Sec. 236, detention is mandatory.

Defendant proffered no argument on his behalf.

The Court finds by a preponderance of the evidence that this Defendant poses a risk of flight, and that there are no conditions or combination of conditions that would assure his appearance in court. The court further finds that Defendant's previous conviction for alien smuggling renders him a danger to the community. Defendant is therefore Ordered detained.